

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Patricia A. Byers,

    Appellant,

v.                                           Case No. 2:14–cv–1373

Frank M. Byers,                         Judge Michael H. Watson

    Appellee.

## OPINION AND ORDER

This matter is before the Court on appeal from the United States Bankruptcy Court for the Southern District of Ohio ("Bankruptcy Court"). Appellant/Creditor Patricia A. Byers ("Creditor") filed her notice of appeal with the Bankruptcy Court on August 27, 2014. ECF No. 1.[1] Creditor has since moved in this Court: (1) for an extension of time to file a statement of issues, ECF No. 2; and (2) for leave to proceed *in forma pauperis*, ECF No. 3. For the following reasons, the Court **GRANTS** Creditor's motion for extension of time, ECF No. 2; **DENIES WITHOUT PREJUDICE** Creditor's motion for leave to proceed *in forma pauperis*, ECF No. 3.

### I.     PROCEDURAL HISTORY

Frank M. Byers, III ("Debtor") filed for Chapter 13 Bankruptcy in the Bankruptcy Court on November 15, 2007. After confirmation of Debtor's Chapter 13 Plan, Debtor consummated the Plan and received a Chapter 13 discharge on

---

[1] All Electronic Case Filing citations are in reference to this Court's docket unless otherwise indicated.

December 30, 2013. Creditor is Debtor's former spouse and was an active participant in the bankruptcy case.

On July 7, 2014, Creditor commenced an adversary proceeding in the Bankruptcy Court. Order 1, ECF No. 1-1. She specifically filed an objection to the discharge of Debtor's debts ("Claim 4-1"). She also moved for an expedited hearing of her objection, Mot. 1, ECF No. 1-3, which the Bankruptcy Court denied. Order 2, ECF No. 1-1. Thereafter, Creditor "certifie[d] that on July 22, 2014 she did personally appear to file" a notice of appeal of that denial to *three* different entities: this Court, the "Sixth District Court of Appeals", and "THE UNITED STATES COURT OF APPEALS OF THE SIXTH CIRCUIT." ECF Nos. 1-9, 1-10, 1-11.

It is unclear whether Creditor appealed the order denying her motion for an expedited hearing to the Bankruptcy Appellate Panel of the Sixth Circuit ("BAP"), but she did appeal a subsequent Bankruptcy Court decision to the BAP. *See, e.g.*, *In re Frank Byers*, No. 14–8059 (B.A.P. 6th Cir. Nov. 18, 2014) (in which Creditor apparently appealed a decision issued by the Bankruptcy Court but never pursued the appeal with the BAP).

The adversary proceeding continued during the pendency of Creditor's appeal to this Court, and the Bankruptcy Court has since entered final judgment against Creditor. *See In re Byers*, Case No. 14–2192, Mem. and Order, Doc. 68 (Bankr. S.D. Ohio Jan. 21, 2015) (dismissing all but one of Creditor's claims and ordering Creditor to file an amended complaint as to the remaining 11 U.S.C. § 523(a)(5) claim regarding domestic support obligations in Chapter 13 discharges); Final J., Doc. 71 (Bankr. S.D. Ohio Feb. 11, 2015) (entering final judgment and dismissing

Creditor's Complaint in the adversary proceeding because Creditor failed to file an amended complaint).

Because Creditor's appeal of the Bankruptcy Court's denial of her motion for an expedited proceeding remains pending, the Court addresses Creditor's motions.

## II. APPLICABLE LAW

The Court sits in a circuit with a bankruptcy appellate panel. The panel hears all appeals from the Bankruptcy Court unless the appellant or other party specifically elects to have the appeal heard by the district court. 28 U.S.C. §§ 158(a), (b)(1), (6), (c)(1); 6th Cir. BAP LBR 8001(c). The appellant must make the election at the time of filing the notice of appeal. 28 U.S.C. § 158(c)(1)(A); 6th Cir. BAP LBR 8001(c).

Creditor filed her notice of appeal under the Local Bankruptcy Rules as outlined in 28 U.S.C. § 158(c)(1). As of April 1, 2010, Local Bankruptcy Rule 8001-3(b) stated:

> **(b) Upon Motion for Leave to Appeal.** In districts that have authorized appeals to the BAP, every appeal upon motion for leave to appeal under Rule 8003 shall be heard by the Bankruptcy Appellate Panel of the Sixth Circuit unless--
>
> **(1)** at the time of filing the motion for leave to appeal, the moving party files with the clerk of the bankruptcy court a separate written statement of election to have the appeal heard by the district court; or,
>
> **(2)** within thirty days after service of the motion for leave to appeal, any party adverse to the motion for leave to appeal files with the clerk of the bankruptcy court a separate written statement of election to have the appeal heard by the district court . . . .

6th Cir. BAP LBR 8001-3(b) (amended Apr. 1, 2010).[2]

Creditor's status as a *pro se* litigant does not relieve her from the requirements of Local Bankruptcy Rule 8001-3. *In re Linder*, 215 B.R. 826, 830 (6th Cir. Jan. 29, 1998) (determining that there is no cause for relieving *pro se* litigants of the requirements of a bankruptcy rule when a rule reads in a "straightforward and commonsense manner [and] conveys an unambiguous and plain meaning"). The Court now turns to Creditor's motions.

### III. MOTIONS

#### A. Motion to Proceed *In Forma Pauperis*

On October 28, 2014, Creditor moved to waive payment of the appellate filing fee under Federal Rule of Appellate Procedure 24. Mot., ECF No. 3. The Form 4 caption states a BAP case number (BAP 14–8029) and seeks waiver pursuant to appellate procedural rules. As Creditor has yet to pay the requisite filing fee in the matter before this Court, the Court construes that motion as if it is a motion to proceed *in forma pauperis* before the Undersigned. *See* ECF No. 1-16.

To ensure access to courts, 28 U.S.C. § 1915(a) permits an indigent claimant to avoid payment of filing fees if the applicant demonstrates by affidavit the inability to pay such fees. The United States Supreme Court, in *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331 (1948), set forth the legal standards governing applications to proceed *in forma pauperis*. The *Adkins* Court advised that "one must

---

[2] On December 1, 2014, Local Bankruptcy Rule 800-3(b) was recodified as Local Bankruptcy Rule 8005-1(b). 6th Cir. BAP LBR 8005-1(b). In light of the fact that the substance of the rule remains the same, the Court will consider Creditor's motion under the rules as codified on the date of her appeal.

not be absolutely destitute to enjoy the benefit of the statute" and that the statute does not require an individual to "contribute . . . the last dollar they have or can get." *Id.* at 339. The *Adkins* Court explained that "[t]he public would not be profited if relieved of paying costs of a particular litigation only to have imposed on it the expense of supporting the person thereby made an object of public support." *Id.* Rather, what is required is a demonstration via affidavit that "because of his [or her] poverty," the applicant cannot pay the fee and continue to provide for the necessities of life. *Id.* Courts evaluating applications to proceed *in forma pauperis* generally consider an applicant's employment, annual income and expenses, and any other property or assets the individual possesses. *Giles v. Comm'r of Soc. Sec.*, No. 14–cv–11553, 2014 WL 2217136, at *1 (E.D. Mich. May 29, 2014).

For the following reasons, Creditor's motion is **DENIED WITHOUT PREJUDICE** to refilling with an appropriate affidavit. The information set forth in the submitted *in forma pauperis* affidavit does not provide the Court with sufficient information to evaluate her ability to pay. For example, the affidavit indicates Creditor's spouse makes $35,000 monthly, holds $35,000 in a bank account, pays $35,000 rent or home-mortgage payment, and incurs total monthly expenses of $35,000. This seems unlikely. As the form seems to be completed improperly, the Court is unable to make a determination as to whether she qualifies for *in forma pauperis* status.

Accordingly, if Creditor intends to prosecute this action, she is **DIRECTED** to pay the required $400 filing fee within **TWENTY-ONE (21) DAYS** or to complete and file the attached Application/Motion to Proceed Without Prepayment of Fees and

Affidavit in Support Thereof. Creditor is advised that failure to timely comply with this Order will result in dismissal for failure to prosecute without further notice.

The Clerk is **DIRECTED** to send two copies of the *in forma pauperis* application to Creditor.

### B. Motion for Extension of Time

On September 15, 2014, Creditor moved for an extension of time to file her Statement of Issues, Designation of the Record, and Brief, all of which were due that very same day. Mot. 1, ECF No. 2. Creditor explained that "[t]he Docket on all three cases, including the District Court herein, plus the lead case number 07–59297 (attached "Exhibit 2") in the Bankruptcy Court for the Southern District of Ohio, as well as the Adversary Proceeding Case No. 2:14–ap–02192 (attached "Exhibit 3") show no briefing letter was served or notice upon Appellant or Appellee in regards to the assignment of the case or the dates the briefs are due." Mot. 2, ECF No. 2; *see also*, Ex. 2, at PAGEID ## 66–71, ECF No. 2; Ex. 3, at PAGEID ## 72–79, ECF No. 2. She does not specify a preferred due date. Creditor bases her request on the fact that she did not receive notice of a briefing schedule for this matter. Because Creditor filed her motion for extension of time on the date her statement of issues was due to be filed, the Court finds that Creditor was aware of the date set by the Court on August 27, 2014. Nevertheless, given her *pro se* status and what seems to be a motion filed in good faith, Creditor's motion is hereby **GRANTED**. Creditor shall file her Statement of Issues within **TWENTY-ONE (21) DAYS**.

## IV. CONCLUSION

Based on the above, the Court **ORDERS** the following:

- Creditor's motion for an extension of time, ECF No. 2, is **GRANTED**. Creditor shall file her statement of issues within **TWENTY-ONE (21) DAYS**; and

- Creditor's motion to proceed *in forma pauperis*, ECF No. 3, is **DENIED WITHOUT PREJUDICE**, and Creditor is **DIRECTED** to either pay the required filing fee or complete appropriately an *in forma pauperis* application within **TWENTY-ONE (21) DAYS**.

The Clerk is **DIRECTED** to send two copies of the *in forma pauperis* application to Creditor.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT